## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
## 13-295

**STATE OF LOUISIANA**

**VERSUS**

**ADAM HERPIN**

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## KAPLAN CITY COURT
## PARISH OF VERMILION, NO. ST-11-059
## HONORABLE FRANK E. LEMOINE, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Barry J. Sallinger**
**Attorney at Law**
**P.O. Box 2433**
**Lafayette, LA 70502**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Adam Herpin**

**Michael Harson, District Attorney**
**Aimee F. Hebert, Assistant District Attorney**
**100 N. State St., Ste. 215**
**Abbeville, LA 70510**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PAINTER, Judge.**

Adam Herpin appeals the judgment of the Kaplan City Court denying his Motion and Order to Set Conviction Aside, Dismiss Prosecution and Expunge Records. For the following reasons, we affirm.

## FACTS

Herpin was charge with first offense operating a vehicle under the influence of alcoholic beverages on February 23, 2011. On July 21, 2011, he entered a plea of no contest to the charge. On September 20, 2012, Herpin filed the above referenced motion. A hearing was held on October 18, 2012, and the motion was denied on November 15, 2012. Herpin appeals.

## DISCUSSION

The trial court found that Herpin's application for expungement was premature. Both at the trial court level and on appeal, Herpin asserts that La.Code Crim.P. art. 894 and La.R.S. 44:9(A)(1) apply to allow his conviction to be set aside and expunged.

Louisiana Code of Criminal Procedure Article 894 provides for setting aside a conviction, in pertinent part, as follows:

> A. (1) Notwithstanding any other provision of this Article to the contrary, when a defendant has been convicted of a misdemeanor, except criminal neglect of family, or stalking, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed, provided suspension is not prohibited by law, and place the defendant on unsupervised probation or probation supervised by a probation office, agency, or officer designated by the court, other than the division of probation and parole of the Department of Public Safety and Corrections, upon such conditions as the court may fix. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.

> . . . .

> B. (1) When the imposition of sentence has been deferred by the court, as authorized by this Article, and the court finds at the

1

conclusion of the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. However, prior to setting aside any conviction and dismissing the prosecution for any charge for operating a vehicle while intoxicated, the court shall require proof in the form of a certified letter from the Department of Public Safety and Corrections, office of motor vehicles, that the requirements of Paragraph A(5) of this Article have been complied with.

The record herein indicates that Herpin's conviction was set aside and dismissed on July 21, 2011.

Louisiana Revised Statutes 44:9(A)(1) provides that:

A. (1) Any person who has been arrested for the violation of a municipal or parish ordinance or for violation of a state statute which is classified as a misdemeanor may make a written motion to the district, parish, or city court in which the violation was prosecuted or to the district court located in the parish in which he was arrested, for expungement of the arrest record, under either of the following conditions:

(a) The time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted; or

(b) If prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal.

This provision, according to its clear language, applies when a person has been arrested for a misdemeanor and when the prosecution has not been timely instituted or when it was disposed of by dismissal, a successful motion to quash, or acquittal. It does not apply where, as here, the defendant was convicted of the offense but the conviction was dismissed in accordance with the special provisions of La.Code Crim.P. art. 894 B.(1).

The trial court correctly found that where a conviction has been obtained, La.R.S. 44:9(A)(5) applied to prevent expungement until five years have passed form the time of the completion of sentence and the filing of the motion to expunge. That section of the statute provides that:

2

(5)(a) Any person who has been convicted for the violation of a municipal or parish ordinance, a traffic violation, or for violation of a state statute which is classified as a misdemeanor may make a written motion to the district, parish, or city court in which the violation was prosecuted or to the district court located in the parish in which he was arrested, for expungement of the arrest record if five or more years has elapsed between the date of the motion and the successful completion of any sentence, deferred adjudication, or period of probation or parole. Notwithstanding the provisions of Code of Criminal Procedure Article 892.1 or 894, or any other provision of law to the contrary regarding the set aside of a conviction or the dismissal of a prosecution, an expungement shall occur only once with respect to any person during a five-year period, except in the case of a misdemeanor offense of operating a vehicle while intoxicated which may occur only once with respect to any person during a ten-year period.

The record reflects that only fourteen months passed between completion of the sentence and the filing of the motion to expunge. Therefore, we find that the trial court correctly denied the motion for expungement as premature.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant-Appellant, Adam Herpin.

**AFFIRMED.**

3